UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF ANTHONY J. ANTONIOUS, | : <br> : <br> : |
| Plaintiff, | : Civil Action No. 08-3253 (KSH) <br> : <br> : |
| v. | : <br> : |
| ADAMS GOLF, INC., et al., | : REPORT & RECOMMENDATION <br> : |
| Defendants. | : <br> : |

  This matter having come before the Court by way of submissions dated April 12, 2011, April 13, 2011, and April 14, 2011, regarding the plaintiffs' presentation of the settlement that had been reached and the allocation of the settlement proceeds between plaintiffs, their counsel, and a nonparty who is not counsel;

  and said presentation having been made pursuant to the Order dated January 21, 2011, which reflected, among other things, that " that the Court makes no finding at this time as to whether the plaintiff's contingent fee agreement must be invalidated, in part or in whole," and directed that "if the plaintiff prevails after trial or settles the case, and the resolution includes a payment of a fee as a result of either a statutory fee award from the adverse party or a settlement and the plaintiff's counsel seeks payment pursuant to the December 2010 agreements, then the Court will convene a hearing to determine if the fee arrangements set forth in the December 2010 agreements are enforceable and/or if the contingency amount is reasonable.  Nothing herein constitutes a ruling that such agreements will be enforced.  If the plaintiff and its counsel agree on a different arrangement, it shall be disclosed to the defendants and the Court;" ECF Nos. 157

and 158;

and the Undersigned having conducted a telephone hearing on April 11, 2011, in which plaintiffs' counsel, defense counsel, the plaintiff's representative and her husband and the nonparty Mr.Gillig participated;

and the Court having considered the statements made during that hearing and the submissions, including the certifications that were directed to be filed on April 11, 2011 and the responses thereto;

and for the reasons set forth in the Opinion delivered on the record on April 18, 2011;

IT IS THEREFORE ON THIS 18th day of April, 2011

RECOMMENDED that the United States District Judge approve the allocation of the $35,000 settlement as follows: (1) $10,000 to the plaintiffs; (2) $10,000 to Gillig Golf, Inc.; and (3) $15,000 to Mr. Silverman, which shall be used to pay the following costs: (a) consulting experts, other than Gillig Golf or Mr. Gillig, in the amount of $1000; (b) travel expenses for depositions in Texas and Alabama, in an amount not to exceed $1400, (c) court reporter and transcripts, in an amount not to exceed $2300; and (d) payment to Douglas Winfield for work as plaintiff's technical expert.  Mr Silverman is responsible for payments due to the Ohio law firm and no maintenance fees shall be paid from any settlement proceeds in this case.  Any compensation to Sepehr Daghigian shall come from Mr. Silverman and not the plaintiffs.  No other compensation or reimbursement may be sought from the plaintiffs for work performed in this case.  Nothing herein constitutes a ruling or a finding that the December 2010 fee arrangement complies with the Rules of Professional Conduct as the allocation has been recommended for approval without applying its terms. The parties have fourteen days to file objections to this Report and Recommendation.

                    <u>s/Patty Shwartz</u>
                    UNITED STATES MAGISTRATE JUDGE